1  STAN D. BLYTH, (SBN 166938)
   LEE, LAWLESS & BLYTH
2  11 Embarcadero West, Suite 140
   Oakland, CA 94607
3  Telephone: (510) 214-5674
   Facsimile: (510) 225-2384
4  sdb@leelawlessblyth.com

5  Attorneys for Plaintiff JONES C. BEENE IV

6

7  # E-filing

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10

11  JONES C. BEENE IV, derivatively on
    behalf of PI, Inc., a Tennessee corporation,
12
    CASE NO. **CV11 6717**
    Plaintiff,
13
                                      **VERIFIED SHAREHOLDER**
14                                    **DERIVATIVE COMPLAINT**

15              vs.                   **JURY TRIAL DEMANDED**

16  JAMES JEFFERSON BEENE JR., JONES
    BEENE JR., TODD HARRIS, and DOES
17  1through 30, inclusive,

18  - and -

19  PI, INC., a Tennessee corporation,

20              Nominal Defendant.

21

22      Plaintiff, JONES C. BEENE IV ("**Plaintiff**"), by and through his attorneys, derivatively

23  on behalf of PI, INC., a Tennessee corporation, (the "**Company**" or "**PI, INC.**") for its

24  complaint alleges upon personal information as to himself and his own acts, and upon

25  information and belief as to all other matters, alleges as follows:

26  /////

27  /////

28

**VERIFIED SHAREHOLDER**                    1
**DERIVATIVE COMPLAINT**

## NATURE OF ACTION

1. This shareholder derivative action arises from multiple breaches of fiduciary duties by Defendants JAMES JEFFERSON BEENE JR. ("**JEFF BEENE JR.**"), TODD HARRIS ("**HARRIS**"), JONES BEENE JR. and DOES 1 through 30, inclusive (hereinafter collectively the "**Individual Defendants**"), all of whom are officers and members of the Board of Directors (the "**Board**") of the Company.

2. Plaintiff, derivatively and on behalf of the Company, seeks relief for the damages sustained, and to be sustained, by the Company, against the current top executives and the Board for violations of law, including their breaches of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment, which occurred between 2000 and the present (the "**Relevant Period**").

3. The Company's senior management and Board have engaged in certain transactions, including, but not limited to, improperly borrowing Company funds at below market cost, paying excess and unreasonable salaries to their relatives, using the Company's assets for receipt of benefits exclusive of other shareholders, by failing to pay dividends and reaping unlawful windfalls at the expense of the Company.

4. The unlawful conduct occurred while the Individual Defendants were directing the Company, thus causing substantial damage to the Company.

## THE PARTIES

5. At all times during the Relevant Period, Plaintiff was a California resident and a holder of Company common stock.

6. As a current holder of Company common stock and a holder during the period of wrongful conduct herein alleged, and pursuant to Fed. R. Civ. P. 23.1, Plaintiff has

VERIFIED SHAREHOLDER
DERIVATIVE COMPLAINT

standing to assert these claims on behalf of the Company and will adequately protect the interests of the Company and its other stockholders (the "**Shareholders**").

7.  Plaintiff is informed and believes and on that basis alleges that JEFF BEENE JR. is the President/CEO of the Company and a Board Member and resides in the State of Tennessee.

8.  JEFF BEENE JR. is a control person of the Company because he has the power to direct or cause the direction of the Company's management and policy.

9.  On information and belief, following the death of James Jefferson Beene, JEFF BEENE JR. was appointed as President/CEO of the Company, and he served in this position at all times thereafter during the Relevant Period.  The Shareholders took no part in the offer of employment to JEFF BEENE JR.

10. Plaintiff is informed and believes and on that basis alleges that HARRIS is the CFO of the Company and resides in the State of Tennessee.

11. HARRIS is a control person of the Company because he has the power to direct or cause the direction of the Company's management and policy.

12. On information and belief, HARRIS served as CFO, at all times during the Relevant Period.

13. Plaintiff is informed and believes and on that basis alleges that JONES BEENE JR. holds a management position in the Company and resides in the State of Tennessee.

14. On information and belief, JONES BEENE JR. served in this management position, at all times during the Relevant Period.

15. On information and belief, JONES BEENE JR. is a control person of the Company because he has the power to direct or cause the direction of the Company's management and policy.

VERIFIED SHAREHOLDER
DERIVATIVE COMPLAINT

3

16. Plaintiff is informed and believes and on that basis alleges that Doe Defendant 1 is currently the Chairman of the Board was a director at all times relevant to the allegations made herein.

17. Plaintiff is informed and believes and on that basis alleges that Doe Defendants 2-10 are members of the Board, and were members of the Board at all times relevant to the allegations made herein.

18. Plaintiff is informed and believes and on that basis alleges that Doe Defendants 10-20 are employed in the management of the Company and were so employed at all times relevant to the allegations made herein.

19. The true names and capacities of defendants identified as Does 1 through 30, inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this complaint pursuant to Federal Rule of Civil Procedure 15 and include these Doe defendants' true names and capacities when they are ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by the Company as a result of Defendants' wanton and illegal conduct.

20. On information and belief, the Individual Defendants, because of their positions of control and authority as directors and/or officers of the Company, directly or indirectly, exercised control over the Company regarding the wrongful acts described herein, including without limitation, improperly borrowing Company funds, paying excess and unreasonable salaries to their relatives, using the Company's assets for receipt of benefits exclusive of certain Shareholders, failing to pay dividends, and by reaping unlawful windfalls at the expense of the Company.

VERIFIED SHAREHOLDER
DERIVATIVE COMPLAINT

4

21. At all times herein relevant, the Individual Defendants were the agents of each other and were at all times acting within the course and scope of such agency.

22. Nominal Defendant PI, INC. is a Tennessee corporation with its principal place of business located 213 Dennis Street Athens, Tennessee 37303. According to the Company's website, it is a leader in plastic injection molding, structural foam molding, vacuum forming and dielectric sealing.

## JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 28 U.S.C. §1332(a)(2), in that Plaintiff and defendants are from different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. This Court also has supplemental jurisdiction over all related claims herein in accordance with 28 U.S.C. §1367. This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

24. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as the Individual Defendants have created continuing obligations between themselves and residents of the forum and are subject to regulation and sanctions in this forum for the consequences of their activities and they have received substantial compensation as a result of engaging in numerous activities that had an effect in this Judicial District thereby purposely availing themselves to this forum. Additionally, this forum has a manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by the Individual Defendants. Venue is proper as to the Nominal Defendant under 28 U.S.C. §1391(c).

## INTRADISCTRICT ASSIGMENT

25. This action should be assigned to either the San Francisco or the Oakland Division of the

**VERIFIED SHAREHOLDER**
**DERIVATIVE COMPLAINT**

5

court pursuant to Local Rule 3-2(c).

## OBLIGTIONS AND DUTIES OF DEFENDANTS

26. As the Company's directors and officers, the Individual Defendants owe fiduciary duties of candor, good faith, and loyalty to the Company and its Shareholders. The Individual Defendants are prohibited from engaging in unlawful corporate conduct.

27. By reason of their positions as directors, officers and/or fiduciaries of the Company and because of their ability to control the business, corporate and financial affairs of the Company, each of the defendants owed the Company and its Shareholders the duty to exercise due care and diligence in the management and affairs of the Company, and in the preservation of its property and assets; the duty of loyalty, to put the interests of the Company above their own financial interests, and the duty of candor, including full and candid disclosure of all material facts relating thereto. Further, each of the defendants further owed a duty of the Company and its shareholders to ensure that the Company operated in compliance with all applicable federal and state law, rules, regulations, and that the Company not engage in unsafe, unsound or illegal business practice. The conduct of defendants complained of herein involved knowing violations of their duties as directors of the Company and the absence of good faith on their part, which defendants were aware of or should have been aware, posed a risk of serious injury to the Company.

28. To discharge these duties, the Individual Defendants were required to exercise reasonable control over the management, policies, practices, controls and financial and corporate affairs of the Company, and specifically to:

a)  manage, conduct, supervise and direct the employees, businesses and affairs of the Company in accordance with laws, rules and regulations, and the charter by-laws of the Company;

b)  neither violate nor knowingly or recklessly permit any officer, director or employee of the Company to violate applicable laws, rules and regulations, and to exercise reasonable control and supervision over such officers and employees; ensure the prudence and soundness of policies and practices undertaken or proposed to be undertaken by the Company;

c)  remain informed as to how the Company was, in fact operating, and upon receiving notice or information of unsafe, imprudent or unsound practices, to make reasonable investigation in connection therewith and to take steps to correct that condition or practice;

d)  to make full and accurate disclosure of all material facts, concerning *inter alia*, each of the subjects of duties set forth above; and

e)  to preserve and enhance the Company's reputation and to maintain trust and confidence in the Company as a prudently managed institution fully capable of meeting its duties and obligations.

## FACTUAL ALLEGATIONS AS TO ALL CAUSES OF ACTION

29. Plaintiff alleges on information and belief that contrary to the duties imposed by law, two nephews of Plaintiff, to wit, JEFF BEENE JR. and JONES BEENE JR., have used their management positions to force payment of large increases in benefits following the death of their father, James Jefferson Beene, with a reputed value in their salaries and bonuses in 2010 which is greatly inflated over compensation previously paid by the Company, notwithstanding that they are minimally qualified to hold similar managerial

1   positions in a comparable company, and have provided the Shareholders with no

2   dividends and negative return on investment.

3   30. Plaintiff and the other Shareholders have demanded but not received full and detailed

4   information on total compensation, and demand that payment of unreasonable salaries,

5   based on similar levels of competence in similar companies, be immediately ceased;

6   however, the Individual Defendants have failed to provide any compensation

7   information, have actively hidden compensation from various sources, and have refused

8   to stop payment of such unreasonable salaries.

9   31. Plaintiff and the other Shareholders allege that the bulk of such payments is tantamount to

10  unauthorized dividends.

11  32. Notwithstanding the patent unreasonableness of said salaries, the Individual Defendants

12  have failed to stop payment of such unreasonable salaries.

13  33. Plaintiff has filed suit to stop the Individual Defendants from making further unlawful

14  salary payments.

15  34. On information and belief, JEFF BEENE JR. and certain of the Individual Defendants

16  in self-dealing unlawful transactions made improper, below market loans, not reflected

17  on the Company's books and records, using Company funds to make said loans to

18  certain of the other Individual Defendants (the "**Loans**").

19  35. On information and belief, each of the Loans was made during the Relevant Period.

20  36. Plaintiff has demanded that information concerning the Loans be provided to the

21  Shareholders, however, the Individual Defendants have failed and refuse to provide any

22  of the requested information.

23  37. Given the self-dealing nature of the Loans, Plaintiff and other Shareholders have

24  demanded that the Individual Defendants cease and desist from making such Loans

25

26

27

28

**VERIFIED SHAREHOLDER**
**DERIVATIVE COMPLAINT**

8

38. On information and belief, the Individual Defendants continue to make such unlawful Loans.

39. Plaintiff has filed suit in order to stop the Individual Defendants from making further unlawful loans with Company funds.

40. During the Relevant Period, Plaintiff demanded on numerous occasions that the Company provide him and other Shareholders with financial information concerning the operations of the Company. Consistently, the Individual Defendants failed and refused to provide Plaintiff and the other Shareholders with the requested financial information.

41. Plaintiff has filed suit to compel the Individual Defendants to provide the requested financial information.

42. On information and belief, the Company has been profitable in each of the years comprising the Relevant Period and the Company has adequate reserves; however, the Individual Defendants have failed and refused to pay dividends to Plaintiff and the other Shareholders.

43. Plaintiff and other Shareholders demanded that dividends be declared by the Board and distributed by the Company, however, the Individual Defendants have failed and refused to declare and distribute dividends.

44. Plaintiff has filed suit to compel the Individual Defendants to declare and pay dividends to the Shareholders.

45. The Individual Defendants have affirmatively and fraudulently concealed their unlawful conduct from Plaintiff and other Shareholders.

46. Despite exercising reasonable diligence, Plaintiff could not discover and was prevented from discovering the Individual Defendants' illegal conduct.

47. The running of the statute of limitations has been suspended and did not accrue.

**VERIFIED SHAREHOLDER**
**DERIVATIVE COMPLAINT**

48. The Individual Defendants' wrongful conduct has been equitably tolled with respect to any claims Plaintiff has brought or could bring as a result of the fraudulent concealment by the Individual Defendants. The Individual Defendants, through various devices including, but not limited to secrecy, affirmatively and fraudulently concealed the truth about the actions alleged herein. Plaintiff had no knowledge of the Individual Defendants' illicit activities, schemes, and unlawful conduct, or of any of the facts that might have led to earlier discovery of the wrongdoing, and could not reasonably have obtained such level of knowledge even through diligent efforts, before filing suit.

49. On information and belief, the Company's officers and directors are protected against personal liability for their acts of mismanagement, waste, and breaches of fiduciary duties alleged in this complaint by directors' and officers' liability insurance,

50. Plaintiff is informed and believes that the directors' and officers' liability insurance policies covering the Individual Defendants in this case contain provisions that eliminate coverage for any action brought directly by the Company against these Individual Defendants. However, if the suit is brought derivatively, as this action is brought, such insurance coverage exists and will provide a basis for the Company to effectuate a recovery.

51. In violation of their fiduciary duties, the Individual Defendants ignored the information given and/or available to them as directors and/or officers of the Company. These breaches of fiduciary duties are incapable of ratification and expose the Individual Defendants to substantial liability. Consequently, the Individual Defendants have taken no action concerning the wrongdoing.

52. A true and correct copy of this Verified Shareholder Derivative Complaint was delivered to the Company before its filing with the Court.

VERIFIED SHAREHOLDER
DERIVATIVE COMPLAINT

## FIRST CAUSE OF ACTION
### (Against All Individual Defendants For Breach Of Fiduciary Duties)

53. Plaintiff incorporates each allegation stated above as if fully set forth in this count.

54. Each Individual Defendant owed to the Company the duty to exercise candor, good faith, and loyalty in the operation of its business.

55. The Individual Defendants' misconduct was not due to an honest error or misjudgment, but rather to their intentional breach or reckless disregard of the fiduciary duties they owed to the Company, as alleged herein. The Individual Defendants intentionally breached or recklessly disregarded their fiduciary duties to protect the rights and interests of the Company and its Shareholders.

56. In breach of their fiduciary duties owed to the Company, the Individual Defendants willfully participated in and caused the Company to waste its valuable assets and otherwise to expend unnecessarily its corporate funds, rendering them personally liable to the Company for breaching their fiduciary duties. As a result, the Company has been substantially damaged.

57. As a direct and proximate result of the Individual Defendants' breaches of their fiduciary obligations, the Company has sustained and continues to sustain significant damages. As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Against All Individual Defendants For Abuse of Control)

58. Plaintiff incorporates each allegation stated above as if fully set forth in this count.

VERIFIED SHAREHOLDER
DERIVATIVE COMPLAINT

11

59. The Individual Defendants' misconduct alleged herein constituted an abuse of their ability to control and influence the Company, for which they are legally responsible.

60. As a direct and proximate result of the Individual Defendants' abuse of control, the Company has sustained significant damages.

61. As a direct and proximate result of the Individual Defendants' breaches of their fiduciary obligations of candor, good faith and loyalty, the Company has sustained and continues to sustain significant damages. As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

WHEREFORE, Plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION
### (Against All Individual Defendants For Gross Mismanagement)

62. Plaintiff incorporates each allegation stated above as if fully set forth in this count.

63. The Individual Defendants each owed a duty to the Company and its Shareholders to, in good faith, supervise, manage, and control the Company's operations.

64. The Individual Defendants, by their actions or inactions, either directly or through aiding and abetting, abandoned and abdicated their responsibilities and duties with regard to operating the Company's business and affairs.

65. By the conduct herein alleged, the Individual Defendants breached their duties owed to the Company and its Shareholders.

66. As a direct and proximate result of the Individual Defendants' faithless acts, the Company has sustained and continues to sustain significant damages and injuries. As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

WHEREFORE, Plaintiff prays for relief as set forth below.

VERIFIED SHAREHOLDER                    12
DERIVATIVE COMPLAINT

## FOURTH CAUSE OF ACTION
### (Against All Individual Defendants For Waste Of Corporate Assets)

67. Plaintiff incorporates each allegation stated above as if fully set forth in this count.

68. As a result of the foregoing misconduct, the Individual Defendants have caused the Company to waste valuable corporate assets.

69. As a direct and proximate result of the Individual Defendants' breaches of their fiduciary obligations, the Company has sustained and continues to sustain significant damages. As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FIFTH CAUSE OF ACTION
### (Against All Individual Defendants For Unjust Enrichment)

70. Plaintiff incorporates each allegation stated above as if fully set forth in this count.

71. By their wrongful acts and omissions, the Individual Defendants were unjustly enriched at the expense of and to the detriment of the Company.

72. The Individual Defendants were unjustly enriched as a result of the compensation and director remuneration they received while breaching their fiduciary duties owed to the Company.

73. Plaintiff, as a shareholder and representative of the Company, seeks (a) restitution from the Individual Defendants, and each of them; and (b) an order of this Court disgorging all profits, benefits and other compensation obtained by the Individual Defendants, and each of them, from their wrongful conduct and fiduciary breaches.

74. Plaintiff, on behalf of the Company, has no adequate remedy at law.

VERIFIED SHAREHOLDER
DERIVATIVE COMPLAINT

13

WHEREFORE, Plaintiff prays for relief, as follows:

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment in the Company's favor against all Individual Defendants, as follows:

A.      Declaring that Plaintiff may maintain this action derivatively and that Plaintiff is an adequate representative on behalf of the Company;

B.      Declaring that the Individual Defendants have breached and/or aided and abetted the breaches of their fiduciary duties to the Company;

C.      Determining and awarding to the Company the damages sustained by it as a result of the violations set forth above from each of the Individual Defendants, jointly and severally, together with interest thereon;

D.      Requiring the Company to take such other action as may be necessary to place before Shareholders a vote for corporate governance policies to strengthen the Board's supervision of operations and develop and implement procedures for greater Shareholder input into the policies and guidelines of the Board;

E.      Determining and awarding to the Company exemplary damages in an amount necessary to punish the Individual Defendants and to make an example of the Individual Defendants to the community according to proof at trial;

F.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees, costs and expenses; and

G.      Granting such other and further relief as this Court deems just and proper.

/////

/////

**VERIFIED SHAREHOLDER**                                    14
**DERIVATIVE COMPLAINT**

1

Dated:  December 29, 2011

Respectfully submitted,

2

LEE, LAWLESS & BLYTH

3

4

By:

Stan D. Blyth,

5

11 Embarcadero West, Suite 145
Oakland, CA 94607
Telephone: (510) 214-5674
Facsimile: (510) 225-2384

6

7

Attorneys for Plaintiff JONES C. BEENE IV

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFIED SHAREHOLDER
DERIVATIVE COMPLAINT**

15

1

## DEMAND FOR JURY TRIAL

2

3          Plaintiff hereby requests a trial by jury in this matter.

4          Dated: December 29, 2011

5

6                                                Respectfully submitted,
                                                 LEE, LAWLESS & BLYTH
7

8                                    By:         _____
                                                 Stan D. Blyth
9                                                11 Embarcadero West, Suite 145
                                                 Oakland, CA 94607
10                                               Telephone: (510) 214-5674
                                                 Facsimile: (510) 225-2384
11

12                                   Attorneys for Plaintiff JONES C. BEENE IV

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFIED SHAREHOLDER**                         16
**DERIVATIVE COMPLAINT**

# VERIFICATION

The undersigned is a party to this action. The matters stated in the forgoing

document entitled: **VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT**

are true of my own knowledge except as to those matters which are stated on information and

belief, and as to those matters I believe them to be true.

I have read the forgoing document and know its contents to be correct and true to

the best of my knowledge and belief. I declare under the penalty of perjury under the laws of the

State of California and the United States that the forgoing is true and correct.

Executed this _20_ day of _Dec_ . _____, 2011 in _Mill Valley, CA 94941_

_[signature]_

JONES C. BEENE IV