United States District Court
For the Northern District of California

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONES C. BEENE IV, derivatively on behalf of PI, Inc., a Tennessee corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES JEFFERSON BEENE, JR., JONES BEENE, TODD HARRIS, and DOES 1-30, inclusive,<br><br>  Defendants,<br><br>and<br><br>PI, INC., a Tennessee Corporation,<br><br>  Nominal Defendant.<br>_____/ | No. C 11-6717 JSW<br><br>**ORDER GRANTING RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO CHANGE VENUE; VACATING CASE MANAGEMENT CONFERENCE**<br><br>**(Docket No. 30)** |

**INTRODUCTION**

Now before the Court for consideration is the Renewed Motion to Dismiss for Lack of Personal Jurisdiction, for Improper Venue, or, in the Alternative, Motion to Change Venue, filed by Defendants, James Jefferson Beene, Jr. ("Jeffry Beene"), Jones Beene ("Jones Beene"), Todd Harris ("Harris") (collectively, the "Individual Defendants", unless otherwise noted), and PI, Inc. ("PI" or "Nominal Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY GRANTS Defendants' motion to dismiss for lack of personal jurisdiction, and it VACATES the case management conference scheduled for August 31, 2012.

**BACKGROUND**

**A.      Factual Background.**

Nominal Defendant PI is a closely held, family-owned and operated Tennessee corporation, with its principal place of business in Athens, Tennessee.[1] Plaintiff, Jones C. Beene IV ("Plaintiff") is a current PI shareholder and a former PI employee. Plaintiff's two sisters also are shareholders (the "California Shareholders"). (*Id.* ¶¶ 2-3.) Plaintiff's father operated PI, until he died in a plane crash. Plaintiff stopped working at PI after his father's death. (FAC ¶ 2.) Thereafter, Plaintiff's brother managed PI, until he was murdered on PI's grounds. (*Id.*) At that point, Plaintiff's nephews, Jeffry Beene and Jones Beene, assumed control of PI, allegedly by converting their own non-voting shares to voting shares, at no premium in price and without approval of PI's California shareholders. (*Id.* ¶ 5; Docket No. 32, Declaration of Jones C. Beene IV ("Plaintiff's Decl."), ¶ 6.)

In brief, Plaintiff's claims are premised on allegations that the Individual Defendants have taken a number of actions in their self-interest in order to reduce the value of PI's shares in retaliation for the demand by Plaintiff and the California Shareholder to honor an agreement to purchase their shares at fair market value (the "Redemption Agreement"). (*See generally* FAC ¶¶ 6-9, 33-50.) The FAC is styled as a derivative complaint and asserts derivative claims. However, Plaintiff also purports to assert relief "to the extent allowed by law, directly ... for the damages sustained and to be sustained by Plaintiff and the other Shareholders...." (*Id.* ¶ 6.)

Plaintiff alleges that PI and its subsidiaries have sales agents and distributors in California and undertake substantial business in California. Plaintiff also alleges that California is a substantial market for PI's subsidiaries' products. (FAC ¶ 27.) PI and the Individual Defendants dispute these facts, as will be discussed in more detail below.

The Individual Defendants are officers and members of PI's Board of Directors and are Tennessee residents. (*Id.* ¶¶ 1, 12-20; First Declaration of James Jefferson Beene ("Jeffry Beene Decl."), ¶¶ 2-3; First Declaration of Todd Harris ("Harris Decl."), ¶¶ 2-3; First

---

[1]      "Happy families are all alike; every unhappy family is unhappy in its own way." Leo Tolstoy, *Anna Karenina*. The Beene family appears to have experienced more than its share of unhappy times, and this litigation suggests they may not be over.

2

1 Declaration of Jones Beene ("Jones Beene Decl."), ¶¶ 2-3).) Harris and Jeffry Beene attest that
2 they have never been to California to conduct PI business. Jones Beene attests that he attended
3 two trade shows in 2003 and 2004 and has flown through California on his way to see a PI
4 customer in Mexico. (*See* Jeffry Beene Decl., ¶ 5; Harris Decl., ¶ 11; Jones Beene Decl., ¶ 5.)

The Court shall address additional facts as necessary in its analysis.

**B.     Procedural History.**

On December 30, 2011, Plaintiff filed the original complaint in this action. (Docket No. 1.) On April 4, 2012, Defendants moved to dismiss for lack of personal jurisdiction and improper venue and, in the alternative, to change venue. (Docket No. 11.) In response, on May 14, 2012, Plaintiff filed a First Amended Verified Shareholder Complaint ("FAC"), which is the operative pleading, and he opposed the motion to dismiss. (Docket Nos. 26-28.) On May 18, 2012, Defendants filed a reply in support of their original motion to dismiss.

On May 24, 2012, Defendants filed a motion to dismiss the FAC, which incorporates by reference their original motion. (Docket No. 30.) Plaintiff has opposed that motion, and Defendants have filed a reply. (Docket Nos. 31-34.) Because the Defendants incorporated their original motion by reference, the Court has considered all of these briefs and their supporting materials to resolve the Defendants' motion.

**ANALYSIS**

**A.     Motion to Dismiss for Lack of Personal Jurisdiction.**

   **1.     Applicable Legal Standards.**

A defendant may move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The plaintiff bears the burden to establish personal jurisdiction. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). The Court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues. *Data Disc*, 557 F.2d at 1285. However, when "a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss .... That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the

3

defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted); *see also AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (holding that where the trial court rules on jurisdictional issue based on affidavits and without holding an evidentiary hearing, the plaintiff need only make a prima facie showing). Where the facts are not directly controverted, plaintiff's version of the facts is taken as true. *See AT&T*, 94 F.3d at 588. Likewise, conflicts between the facts contained in the parties' affidavits must be resolved in a plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. *Schwarzenegger v. Fred Martin Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

"Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996)). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 801.

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The overriding constitutional principle is that maintenance of an action in the forum must not offend "traditional conception[s] of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Plaintiff contends that this Court has general jurisdiction over PI and specific jurisdiction over the Individual Defendants.

### 1. Plaintiff Has Not Met His Burden to Show the Court Has General Jurisdiction over PI.

"A court may assert general jurisdiction over foreign ... corporations to hear any and all claims against them when their affiliations with the [forum] State are so continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires*

4

1   *Operations, S.A. v. Brown*, __ U.S. __, 131 S.Ct. 2846, 2851 (2011); *see also Helicopteros*
2   *Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984); *Bancroft & Masters, Inc. v.*
3   *Augusta Nat'l, Inc.,* 223 F.3d 1082, 1086 (9th Cir.2000) (contacts must "approximate physical
4   presence" in the forum state). "The standard is met only by 'continuous corporate operations
5   within a state [that are] thought so substantial and of such a nature as to justify suit against [the
6   defendant] on causes of action arising from dealings entirely distinct from those activities.'"
7   *King v. Am. Family Mut. Ins. Co.,* 632 F.3d 570, 579 (9th Cir. 2011) (alterations in original)
8   (quoting *International Shoe,* 326 U.S. at 318).

In order to determine whether this standard is satisfied, courts may consider such factors as the defendant's "'[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets.'" *Marvix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011) (quoting *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1172 (9th Cir.2006)). In the *Marvix* case, the plaintiff argued that the defendant, an Ohio corporation, was subject to personal jurisdiction in California because it allowed third parties to advertise jobs, hotels and vacations in California on its website, employed a California firm to design its website, and had business relationships with a California based national news organization, an Internet advertising agency, and a wireless provider. *Id.* at 1225. The court reiterated that "[t]he standard for general jurisdiction 'is ... exacting....'" *Id.* at 1224 (quoting *Schwarzenegger*, 374 F.3d at 801). The court then determined that these alleged contacts did not meet that exacting standard, especially in light of the fact that the defendant showed it had "no offices or staff in California," had "no registered agent for service of process," did not pay state taxes, and did not market its own business in California. *Id.* at 1225; *see also id.* at 1226-27.

Harris, who is PI's Chief Financial Officer, attests that PI is not registered to do business in California, has no registered agent in California, has no sales officers or distributors in California, has no California licenses or permits, and has not filed suit in California. Harris also attests that PI has no employees in California, does not directly target media advertising or marketing to California, does not maintain warranty or service facilities in California, does not

5

have an office in California, does not have a bank account in California, does not own property in California, and has never held a shareholder or Board of Directors' meeting in California. (Harris Decl., ¶¶ 3, 5-10.)

Plaintiff contends that PI undertakes substantial business in California, but he relies primarily on PI's subsidiaries' alleged contacts with California. (*See* Plaintiff's Decl., ¶ 11.) Without more, "neither ownership [nor] control of a subsidiary corporation by a foreign parent corporation ... subjects the parent to the jurisdiction of the state where the subsidiary does business." *Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 540 (2000) (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 36 (1925)); *see also Bauman v. Daimler Chrysler Corp.*, 644 F.3d 909, 920-921 (9th Cir. 2011). A plaintiff can make the necessary showing by establishing that a subsidiary is either the agent or alter-ego of the parent corporation. *Bauman*, 644 F.3d at 920-21. In this case, however, Plaintiff has not put forth any evidence to show that any of PI's subsidiaries act as its agent or that they are its alter-ego.

The Court finds that Plaintiff has not met his burden to show the Court has general jurisdiction over PI.

### 2. Plaintiff Has Not Met His Burden to Show the Court Has Specific Jurisdiction Over the Individual Defendants.

For specific jurisdiction, "the issue of whether jurisdiction will lie turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc*, 557 F.2d at 1287; *see also Calder v. Jones*, 465 U.S. 783, 788 (1984) ("In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation.") (internal quotations and citation omitted). Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully directed his or her activities at residents of the forum state or the forum state itself; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger,* 374 F.3d at 802; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-77 (1985).

6

"The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Schwarzenegger*, 374 F.3d at 802 (internal citation omitted). "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Menken*, 503 F.3d at 1057 (internal quotations and citations omitted).

Plaintiff's claims, whether they are derivative or direct, sound in tort. In such cases, courts generally focus on "whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (citing *Schwarzenegger*, 374 F.3d at 803, in turn citing *Calder*, 476 U.S. at 789-90). Under the effects test, "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger,* 374 F.3d at 803 (citation omitted); *see also Bancroft & Masters*, 223 F.3d at 1087 (express aiming "requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state").

Plaintiff claims that the Individual Defendants have breached their fiduciary duties to PI, to him, and to the other California Shareholders. It is undisputed that Defendants took all of the actions about which Plaintiff complains in Tennessee, where they reside. Plaintiff, however, argues that the Individual Defendants intentionally targeted these actions at him and at the other California Shareholders, because they intended to reduce the value of Plaintiff's stake in PI.

Plaintiff has alleged derivative claims on behalf of PI. In the alternative and "to the extent allowed by law," Plaintiff purports to assert direct claims on his own behalf. (*See, e.g.,* FAC ¶¶ 6, 62, 65.) "In diversity actions, the characterization of an action as derivative or direct is a question of state law." *Sax v. World Wide Press, Inc.*, 809 F.2d 610, 613 (9th Cir. 1987). Under California law, an "'action is derivative, i.e., in the corporate right, if the gravamen of the

1  complaint is injury to the corporation, or to the whole body of its stock and property without
2  any severance or distribution among individual holders, or it seeks to recover assets for the
3  corporation or to prevent the dissipation of its assets.'" *Jones v. H.F. Ahmanson & Co.*, 1 Cal.
4  3d 93, 106 (1969) (quoting *Gagnon Co., Inc. v. Nevada Desert Inn, Inc.*, 45 Cal. 2d 448, 453
5  (1955)). In contrast, "[a] cause of action is individual, not derivative, only where it appears that
6  the injury resulted from the violation of some special duty owed the stockholder by the
7  wrongdoer and having its origins in circumstances independent of the plaintiff's status as a
8  shareholder." *Nelson v. Anderson*, 72 Cal. App. 4th 111, 126-27 (1999).

9        In the *Sax* case, the plaintiff argued that the defendants conspired to deplete corporate
10 assets through "corporate mismanagement and diversion of corporate assets." *Sax*, 809 F.2d at
11 613. The Ninth Circuit concluded that plaintiff asserted a derivative claim, because those
12 actions were "injuries to the corporation. ... Even if the defendant's depleted World Wide's
13 assets with the sole purpose of decreasing the value of Sax's stock and destroying his return on
14 his investment, the action would nonetheless be derivative." *Id.* at 614.

15       Plaintiff's allegations in this case are similar to those in the *Sax* case. To the extent
16 Plaintiff asserts derivative claims against the Individual Defendants and on behalf of PI, the
17 Individual Defendants' conduct would have been targeted at PI and the harm would have been
18 felt by PI, notwithstanding the incidental impact on Plaintiff. Therefore, to the extent Plaintiff
19 brings derivative claims, he fails to meet his burden to show the Individual Defendants
20 purposefully directed their activities at Plaintiff or at California. Thus, Plaintiff fails to show
21 that the Court has personal jurisdiction over the Individual Defendants on a derivative claim for
22 relief.

23       Plaintiff also argues that the Court has jurisdiction over the Individual Defendants under
24 his alternative theory of relief, the direct action. Plaintiff's argument is premised on the
25 proposition that, as majority or controlling shareholders, the Individual Defendants breached a
26 fiduciary duty they owed him as a minority or non-controlling shareholder. *See Jones v. H.F.*
27 *Ahmanson & Co.*, 1 Cal. 3d 93, 108 (1969); *Jara v. Suprema Meats*, 121 Cal. App. 4th 1238,
28 1257-58 (2004) (construing *Jones* to permit "a minority shareholder to bring a personal action

8

alleging 'a majority stockholders' breach of a fiduciary duty to minority stockholders, which resulted in the majority stockholders retaining a disproportionate share of the corporation's ongoing value'") (quoting *Pareto v. F.D.I.C.*, 139 F.3d 696, 699-700 (9th Cir. 1998)).

In the FAC, Plaintiff alleges that at the time the Redemption Agreement was reached, he and the other California Shareholders owned "nearly half" the outstanding shares in PI. (FAC ¶ 4.) However, he has submitted a declaration from his sister in opposition to the Individual Defendants' motion, in which she attests that "[a]t the time the [Redemption Agreement] was proposed and began to be implemented ... the California Shareholders owned more than half the outstanding shares in the Corporation." (Docket No. 33, Declaration of Melanie Beene, ¶ 4.) These facts undermine Plaintiff's alternative legal theory for relief, because they suggest that the Individual Defendants are not majority or controlling shareholders. The Court finds that Plaintiff fails to meet his burden to make a prima facie showing that the Individual Defendants purposefully directed their activities at Plaintiff or at California. Accordingly, it finds that Plaintiff fails to meet his burden to show the Court would have personal jurisdiction over the Defendants on a direct claim for relief.[2]

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion to dismiss for lack of personal jurisdiction, and it dismisses the FAC on that basis. If Plaintiff wishes to pursue a direct action in this district, he may file a motion for leave to file a second amended complaint by no later than August 31, 2012 demonstrating sufficient jurisdictional facts to support a direct action against the Individual Defendants.

//
//
//
//

---

[2] The Court expresses no opinion on whether Plaintiff has stated a valid claim for relief under either a derivative or a direct action theory. It finds only that, on the facts before it, Plaintiff fails to make a prima facie showing of jurisdictional facts on those claims for relief.

9

If Plaintiff fails to file a motion by that date, the Court shall terminate this case.

**IT IS SO ORDERED.**

Dated: August 20, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE