**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONES C. BEENE IV,<br><br>　　Plaintiff,<br><br>　v.<br><br>JAMES JEFFERSON BEENE, JR., JONES BEENE, TODD HARRIS, and DOES 1-30, inclusive,<br><br>　　Defendants.<br>　 / | No. C 11-6717 JSW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE VERIFIED SECOND AMENDED COMPLAINT AND SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE**<br><br>**(Docket No. 37)** |

**INTRODUCTION**

Now before the Court for consideration is the Motion for Leave to File a Verified Second Amended Complaint, filed by Plaintiff Jones C. Beene IV ("Plaintiff"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for November 9, 2012, and it HEREBY GRANTS Plaintiff's motion.

**BACKGROUND**

The Court set forth the facts underlying this dispute in its Order granting the motion to dismiss filed by Defendants James Jefferson Beene, Jr., Jones Beene, Jr., and Todd Harris (collectively "Defendants"), and it shall not repeat them here. (*See* Docket No. 36, Order at 2:3-3:4.)

//

In that Order, the Court determined that Plaintiff had not alleged sufficient facts to show that the Court would have personal jurisdiction over the Defendants for a direct, rather than a derivative claim, for breach of fiduciary duty. The Court further ordered that if Plaintiff wanted to pursue a direct action in this district, he would be required to seek leave to amend and to demonstrate sufficient jurisdictional facts to support a direct action against the Defendants. (Docket No. 36, Order at 8:23-9:21.)

Plaintiff has submitted a proposed Verified Second Amended Complaint ("Proposed SAC"), in which he asserts four claims for relief: (1) breach of fiduciary duties; (2) abuse of control; (3) waste of corporate assets; and (4) unjust enrichment. Plaintiff alleges that he resides in California and that Defendants were aware of that fact. (Proposed SAC ¶¶ 3, 10.) Plaintiff also alleges that he holds non-voting common shares in PI, Inc. (the "Company"), and that he has no ability to control the Company. (*Id.* ¶ 4.) Plaintiff also alleges that, in order to take control of the Company, Defendants converted their non-voting shares to voting shares, at no premium price and without approval of other shareholders. (*Id.* ¶ 5.) Finally, Plaintiff alleges that Defendants have engaged in a variety of actions that were intended to dilute the value of his shares. (*Id.* ¶¶ 7-8, 34, 36-44.)

**ANALYSIS**

Plaintiff seeks leave to amend pursuant to Federal Rule of Civil Procedure 15. Rule 15(a) provides that leave to amend "shall be freely given." *See* Fed. R. Civ. Proc. 15(a). The Ninth Circuit has stated that "[r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Four factors are considered to determine whether a motion for leave to file an amended complaint should be granted: bad faith; undue delay; prejudice to the opposing party; and futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). While these "factors are usually used as criteria to determine the propriety of a motion for leave to amend ... the crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

This litigation is in its infancy, so there is no issue of undue delay. Defendants do not argue that they would be prejudiced if the Court grants Plaintiff leave to amend or that Plaintiff is acting in bad faith. Thus, each of these factors weigh in favor of granting Plaintiff's motion.

Defendants argue, in a conclusory fashion, that amendment would be futile, because the Proposed SAC fails "to demonstrate that this Court has personal jurisdiction over Defendants." (Opp. Br. at 1:20-23.) At the same time, Defendants state that they are "keenly aware" that Rule 15 requires that leave to amend be granted liberally, and they "reserve their right to challenge the SAC in the event the Court sees fit to grant the instant motion." (*Id.* at 1:25, 2:1-2.)

Plaintiff bears the burden to establish personal jurisdiction over Defendants. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). "Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996)). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Schwarzenegger v. Fred Martin Co.,* 374 F.3d 797, 801 (9th Cir. 2004).

For specific jurisdiction, "the issue of whether jurisdiction will lie turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977); *see also Calder v. Jones*, 465 U.S. 783, 788 (1984) ("In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation.") (internal quotations and citation omitted). Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully directed his or her activities at residents of the forum state or the forum state itself; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger,* 374 F.3d at 802; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-77 (1985).

Plaintiff's claims sound in tort. In such cases, courts generally focus on "whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (citing *Schwarzenegger*, 374 F.3d at 803, in turn citing *Calder*, 476 U.S. at 789-90). Under the effects test, "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger,* 374 F.3d at 803 (citation omitted); *see also Bancroft & Masters, Inc. v. August Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (express aiming "requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state").

The Court has reviewed the allegations set forth in the Proposed SAC, which have not been contradicted by Defendants in opposition to the motion to amend. The Court concludes that the Plaintiff has alleged sufficient jurisdictional facts such that it would not be futile to grant Plaintiff leave to amend. *See Jones v. H.F. Ahmanson & Co.*, 1 Cal. 3d 93, 108 (1969); *Jara v. Suprema Meats*, 121 Cal. App. 4th 1238, 1257-58 (2004) (construing *Jones* to permit "a minority shareholder to bring a personal action alleging 'a majority stockholders' breach of a fiduciary duty to minority stockholders, which resulted in the majority stockholders retaining a disproportionate share of the corporation's ongoing value'") (quoting *Pareto v. F.D.I.C.*, 139 F.3d 696, 699-700 (9th Cir. 1998)).

Accordingly, the Court GRANTS Plaintiff's motion for leave to amend.

**CONCLUSION**

Plaintiff shall file and serve the Second Amended Verified Complaint by no later than October 19, 2012. Defendants shall answer or otherwise respond within twenty-one (21) days after service.

//

//

4

It is FURTHER ORDERED that the parties shall appear for an initial case management conference on Friday, January 11, 2013 at 1:30 p.m., and the parties' shall submit a joint case management statement by no later than January 4, 2013.

**IT IS SO ORDERED.**

Dated: October 15, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE